ROSA KNEIB, Executor of the Estate of PHILIP KNEIB, Deceased, Plaintiff in Error, v. EMMA D. BEARDSLEY and EARL D. BEARDSLEY, Defendants in Error.

Kansas City Court of Appeals, December 6, 1909.

1. **LANDS: Covenants Against Incumbrance: Acceptance of Deed.** Acceptance of a warranty deed tendered upon the condition that a tenant is in possession under an unexpired term, does not give the right to recover on an alleged breach of warranty against incumbrances. Under such circumstances the grantee becomes the landlord of the tenant.

2. ———: ———: **Breach of Covenant.** The grantors in a deed for the conveyance of land are bound by the terms of the contract to put the grantee in possession at the time of delivery of the deed, or be able to do so at once; and, if they fail, there would be a breach of the covenant against incumbrances occuring contemporaneously with such delivery.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*James W. Boyd* for plaintiff in error.

Under the written contract of purchase, which was fully complied with by Philip Kneib, deceased, who paid the full purchase price; and under the covenants in the general warranty deed executed by the defendants in error, for and on account of said consideration and in pursuance of their written obligation so to do, there is no defense to this suit pleaded in the answer, or mentioned in the evidence. The court committed error in admitting any evidence of any pretended oral agreement claimed to have been made prior to, or contemporaneous with the execution and delivery of said deed. Anthony v. Rockefeller, 102 Mo. App. 326; Bast v. Bank, 101 U. S. 93; Catalogue Co. v. Weber Co., 130 Mo. App. 646; Moss v. Green, 41 Mo. 390; O'Neil v. Crain, 67 Mo. 250; Rollins v. Claybrook, 22 Mo. 405; Black River L. Co. v. Warner, 93 Mo. 374; Koons v. Car Co., 203 Mo. 256; Henning v. Insurance Co., 47 Mo. 431; Roe v. Bank, 167 Mo. 416; Railroad v. Curtis, 154 Mo. 14; Boyd v. Paul, 125 Mo. 13; Seitz v. Brewers Co., 141 U. S. 510; Ringer v. Holtzsclaw, 112 Mo. 523.

*Vories & Vories* for defendants in error.

(1) Plaintiff was not entitled to recover in this case, because his cause of action on the warranty deed is based upon an alleged incumbrance upon the land by reason of which he could not obtain possession. The evidence

in this cause shows no incumbrance of any kind or character, and not supporting the cause of action alleged in the petition the finding of the court for defendants should be upheld for this reason alone, and the incumbrance if proven should have been a valid, existing outstanding title. Shelton v. Pease, 10 Mo. 473; Mumford v. K., 65 Mo. App. 502; Murphy v. Price, 48 Mo. 247; Cockrell v. Proctor, 65 Mo. 41. (2) The allegations in petition setting out an incumbrance against property cannot be set aside as surplusage, but having been made must be proven. McCarty v. Wolfe, 40 Mo. 520; Cummings v. Martin, 43 Mo. App. 558. (3) There having been a dispute of days duration between the parties to the deed, concerning the liabilities of each under the contract, which was finally settled in the delivery of the deed, with conditions attached, constituted a new consideration, which can always be explained by parol testimony. Edwards v. Latimer, 183 Mo. 626; See v. Mallonee, 107 Mo. App. 729. Where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, remedies or objections, which he is entitled to assert, he will be estopped to insist upon such rights, remedies or objections to the prejudice of the one misled. 16 Ency. of Law and Procedure, p. 805 and cases cited; Hart v. Giles, 67 Mo. 175; Bramwell v. Adams, 146 Mo. 70; Smith v. Roach, 59 Mo. App. 115; Spurlock v. Sproule, 72 Mo. 503; Cromwell v. Ganson, 85 Mo. App. 678; Hequomberg v. Edwards, 155 Mo. 514. Estoppel will lie against one who by his representations or conduct has induced another to do or omit to do some act or change his position to his injury. 16 Encyc. of Law and Procedure, p. 742, and cases cited; State ex rel. v. School District, 79 Mo. 103.

BROADDUS, J.—This is a suit to recover on covenant of warranty against encumbrances.

The defendants sold to plaintiff certain real estate

on the 29th of November, 1905, receiving payment of $500 cash at the time, residue to be paid March 1, 1906, at which time defendants should deliver a general warranty deed conveying the land to plaintiff upon the payment by him of the residue of the purchase money. At the time of said purchase the land was in the possession of a tenant, whose term was to end also on March 1, 1906. By the terms of the agreement of sale of the land defendants were to receive the rents and profits of the land until said date.

On the said last-named date, defendants tendered a general warranty deed conveying the land and demanded the residue of the purchase money. Plaintiff refused to make payment so demanded until defendants removed the tenant from the land and delivered the actual possession to himself. After some delay defendants offered to pay back to plaintiff the full amount of the money he had paid on the purchase price if he would cancel the contract of sale; or that he would accept the premises in its then condition, in possession of the tenant, and release them from all claims for actual damages.

After having first refused the offers, plaintiffs went away to consult his lawyer and came back in a short time when defendant said to him: "Here is the deed duly executed, and you will have to take the deed, Mr. Kneib, with Conner on the place, or here is your money, five hundred dollars in cash, that you have paid; I am willing to give you either one, and you can take your choice, but I cannot give you possession of the place at this time; that is the absolute possession." Plaintiff did not say whether he accepted her offer or not but paid the residue of the purchase price and took the deed.

The finding and judgment were for the defendant and plaintiff sued out his writ of error.

It is true, as contended by plaintiff in error, that parol contemporaneous evidence is not admissible to contradict or vary the terms of a valid written agreement. But the purpose in admitting the parol evidence,

as to what was said and done by the parties at the time of the delivery of the deed, was not to vary the terms of the instrument; but if that was its effect it was inadmissible.

It is plain that where plaintiff accepted the deed and paid the remainder of the purchase price that he did so upon the terms upon which the deed was tendered, viz., with Conner in possession. Although he did not say that he so accepted it, yet it was tendered with that condition and his act of acceptance was with the conditions attached.

The argument of defendants, that such acceptance was a waiver of the warranty, in our opinion is not sound. We do not think it can be said with good reason that an oral agreement so made could have the effect of waiving the conditions of the deed made at the same time. The deed speaks for the parties and expresses the contract of the parties and includes all prior and contemporary agreements.

But notwithstanding such is the law we do not think it is controlling under the facts of this case. The terms upon which the deed was tendered and accepted did not in our opinion tend to contradict or waive the condition of warranty against incumbrances.

Although defendants were not in the actual, they were in the constructive possession of the land; and offered in lieu of the actual possession, the constructive possession, and plaintiff by his act accepted it as such. He succeeded to all the rights of the defendants in and to the land including the right of possession. In other words he agreed to accept Conner as his tenant, and the tenant was bound to pay the rent to plaintiff as the purchaser of the land, and the plaintiff thereby became his landlord. [R. S. 1899, p. 903, sec. 4136.]

It is contended, however, there was no consideration for the agreement. It was not a new agreement that required any consideration. Defendants were bound by the terms of the contract to put plaintiff in

possession at the time they delivered the deed or be able to do so at once for a failure of which there would have been a breach of the covenant against encumbrances occurring contemporaneously with such delivery. At the time the deed was delivered and accepted defendants tender to the plaintiff their constructive possession which he accepts and becomes thereby the landlord of the tenant Conners. Had such tenant attorned to a stranger then it would have been void and would not have in anywise effected the possession of the plaintiff. [R. S. 1899, sec. 4112.] Instead of requiring actual delivery the plaintiff accepts constructive delivery. If we are right in this conclusion there was no breach of the covenant against encumbrances at the time of the delivery of the deed. It did not require any new consideration. It was performance on the part of defendants and acceptance on the part of plaintiff of a subsisting contract. We are persuaded that the encumbrance complained of did not exist at the time of the delivery of the deed having been removed by the agreement of the parties. For the reasons given the cause is affirmed. All concur.